UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN E. BETTYS,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFERY LANDON, et al.,<br><br>    Defendants. | C14-1975 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, docket no. 20. Having reviewed the R&R, plaintiff's objections thereto, docket no. 21, and defendants' response to plaintiff's objections, docket no. 22, the Court ORDERS as follows:

(1) To the extent that plaintiff's claims under 42 U.S.C. § 1983 would imply the invalidity of his conviction or sentence for Child Molestation in the Third Degree, plaintiff's claims are barred by the favorable termination rule articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and are DISMISSED **without** prejudice. To recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

ORDER - 1

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> at 486-87.

(2)  To the extent that plaintiff's claims under 42 U.S.C. § 1983 challenge the ongoing state court proceedings to involuntarily commit plaintiff as a sexually violent predator, plaintiff's action is DISMISSED **without** prejudice pursuant to both the favorable termination rule of <u>Heck</u> and the abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  <u>See</u> <u>Huftile v. Miccio-Fonseca</u>, 410 F.3d 1136 (9th Cir. 2005) (<u>Heck</u> applies to § 1983 claims, which do not accrue unless and until the related civil commitment is invalidated); <u>see also</u> <u>Rhoden v. Mayberg</u>, 361 Fed. App'x 895, 896 (9th Cir. 2010) (claims for declaratory and injunctive relief must be dismissed "so as not to interfere with ongoing state proceedings" under sexually violent predator statute).

(3)  With respect to plaintiff's claims against the Washington Department of Corrections ("DOC"), the R&R is ADOPTED, and plaintiff's claims against the DOC are DISMISSED **with** prejudice pursuant to the Eleventh Amendment of the United States Constitution.

(4)  With respect to plaintiff's self-incrimination and due process claims, the R&R is MODIFIED, and plaintiff's claims are DISMISSED **without** prejudice pursuant to <u>Heck</u> and <u>Younger</u> as indicated in Paragraphs 1 and 2, above.

(5)  With respect to plaintiff's access-to-courts claim, the R&R is ADOPTED, and plaintiff's access-to-courts claim is DISMISSED **with** prejudice.

ORDER - 2

**Conclusion**

For the foregoing reasons, the R&R, docket no. 20, is ADOPTED in part and MODIFIED in part.  The Clerk is DIRECTED to enter judgment consistent with this Order, to send a copy of this Order to all counsel of record, to plaintiff pro se, and to Magistrate Judge Theiler, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 19th day of August, 2015.

Thomas S. Zilly
United States District Judge

ORDER - 3